JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-3065 JGB (SPx)** | | Date | June 5, 2026 |
|---|---|---|---|---|
| Title | *Rodquel Nicole Evans v. G and G Linehaul Transport Ltd., et al.* | | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) REMANDING Case to the Superior Court of California for the County of San Bernardino (IN CHAMBERS)**

Before the Court is a notice of removal filed by Defendants G and G Linehaul Transport Ltd. and Maleuddin Rezai ("Defendants"). ("Notice of Removal," Dkt. No. 1.) After considering the Notice of Removal, the Court sua sponte **REMANDS** the case to the Superior Court of California for the County of San Bernardino.

## I.  BACKGROUND

On November 6, 2025, Plaintiff Rodquel Nicole Evans ("Plaintiff") filed a complaint against Defendants in the Superior Court of California for the County of San Bernardino. ("Complaint," Dkt. No. 1, Ex. A.) Defendants' Notice of Removal attaches documents indicating that the Complaint was served on Defendants on December 17, 2025, and December 23, 2025. (Dkt. Nos. 1-6, 1-7.) The case was removed to this Court on May 27, 2026. (Notice of Removal.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013).

A removing defendant must file a notice of removal **within thirty days after receipt of the initial pleading**. 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

### III. DISCUSSION

The Notice of Removal declares that "[t]his Notice of Removal is being filed within Defendants' time to respond to the initial pleading and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)." (Notice of Removal at 4.) But that is not the standard. Under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or **proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based**, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added). The statute makes no reference to authority for removal based on the deadline for filing an initial pleading. The only thing that matters is the date upon which the defendant receives a copy of the initial pleading or service of summons. Given that Defendants were served with the Complaint in late December 2025, removing the case in late May 2026 is well beyond the 30-day period. As such, the Court **REMANDS** the case to the Superior Court of California for the County of San Bernardino. The Clerk is directed to close the case.

**IT IS SO ORDERED.**